Shauck:, J.
The sole reliance of the relator is on the act of May 10, 1902, entitled “an act to create a bureau of inspection and supervision of public offices, and to establish a uniform system of public accounting, auditing and reporting, under the administration of- the auditor of state” (95 O. L., 511), and the main reliance of the defendant is upon the proposition that the pertinent provisions of the act, particularly those of the ninth and tenth sections, are unconstitutional. Indeed the pleading of the defendant though in form an answer is in substance a demurrer to the petition upon the ground that it does not allege a cause of action because of the invalidity of the statute upon which it counts. Since there appears to remain but little occasion for doubt respecting the meaning of the constitutional provisions which the defendant invokes, an analysis of the statute is of chief importance. It provides that there shall be in the department of the auditor of state a bureau of inspection and supervision, that the auditor shall be chief inspector and supervisor with authority to appoint deputies and a clerk; and it fixes their salaries and provides for the payment of their expenses. It requires the auditor to prescribe and install a system of accounting and reporting, embracing specified requirements, to be observed by all public officers and taxing bodies and for the publication of such reports with comparative statistics derived therefrom. It also provides upon the installment of the bureau for the appointment of examiners by the auditor with compensation *491 fixed by the statute and for the examination by him or his deputies into the financial affairs of all public offices and that reports of such examinations be made matters of record in said office. Section 9 provides that the expense of maintaining and operating the bureau shall be paid by the counties out of their general county fund in proportion to their population, and the auditor is authorized to make collection thereof. Séction 10 provides that the expense of auditing public accounts shall be paid by each taxing body for the auditing of all accounts under its jurisdiction, and the auditor is authorized to make collection thereof. On the twenty-third of April, 1904, section 10 was amended to read as follows:
“The expense of auditing public accounts shall be borne by each taxing district for the auditing of all accounts under its jurisdiction, and the auditor of state is hereby authorized and empowered to certify the expense of such audit to the auditor of the county in which said taxing district is situated, who shall promptly issue his warrant on the county treasurer, payable out of the general fund of the county, said fund, except as to auditing the financial affairs and making inspections and examinations of the county, to be reimbursed by the eounty auditor out of the moneys due said taxing district at the next semi-annual settlement of the collection of taxes.”
The warrant which the relator demands- of the defendant, the auditor of Jackson county, is for the expense of an examination made prior to the amendment of section 10 of the statute; and it is objected that such an application of the amended act would make it retroactive, and that the application is therefore forbidden by section 28 of article 2 of the con *492 stitution. But the objection is without merit, for the county is the taxing’ district or body having-jurisdiction of the accounts which were examined in this instance, and it was, by the terms of the original section, liable for the expense of the examination. If, therefore, it were made to appear that a political division of the state is within the protection of the section of the constitution referred to it would be unavailing. It is urged with much earnestness that sections 9 and 10 of the act are inseparable parts of the same scheme and alike obnoxious to the objection that they attempt to provide for the appropriation of the funds of a county for the accomplishment of a duty which rests upon the state, or which the state has assumed, and the expense of which must be met by the state out of its own funds derived from a tax upon property or upon some of the other recognized sources of state revenue. That the two sections must be tested by the same rules and subject to the' same judgment may be conceded without consideration. In support of this objection to the statute counsel cite Wasson et al. v. Commissioners of Wayne County, 49 Ohio St., 622, and Hubbard v. Fitzsimmons, 57 Ohio St., 436. "Whether attention is. bestowed upon the section of the present act which looks to the payment of the expense of maintaining- and operating the bureau of inspection or to that which looks to the payment of the expense of auditing the accounts of public officers there appear differences of an important and controlling character between them and the provisions of the acts-which were considered in the cases cited. In Wasson et al. v. Commissioners of Wayne County it was determined that the legislature cannot authorize the levying of a tax upon the property of one county, *493 other property of the state being exempt, for the accomplishment of a purpose beneficial to the people of the state at large, and to be conducted under the authority of the state. In Hubbard v. Fitzsimmons the same conclusion was reached with respect to an act by which it was attempted to charge upon the property of one county the expense of constructing an armory for the use of the national guard, an organization provided to maintain the sovereignty of the state and to benefit its people at large. The present act provides for entire uniformity of its operation, the charge for the maintenance of the bureau being upon all the counties of the state in proportion to their population, and that for the auditing being, as provided in the tenth section, the particular expense incurred by the bureau in each examination. The latter section appears to find ample justification in facts which may be presumed, if we may not take notice of instances of their actual occurrence. In some of the counties of the state the public officers elected by the people are so efficient and scrupulous in the conduct of their affairs and in the keeping of their accounts that but little time is required and but little expense incurred in making the examinations by the bureau. Whatever may be the differences in this respect in the several counties of the state, they seem to be appropriately met by this section. The act by a uniform rule operating upon all the counties of the state, recognizes population as the logical basis of the contribution and no reason appears why it may not be exacted by that rule. But it is urged in this connection that a tax cannot be levied according to population, but is required to be according to the valuation of property by a uniform rule. The soundness of the *494 proposition is more apparent than its relevancy. The act does no more in this respect than to provide for the application of a portion of the funds in the county treasury levied pursuant to the provisions of other statutes, without any provision whatever for the levying of additional taxes in any mode whatever.
No valid objection to the validity of the act appearing the demurrer to the answer will be sustained and a peremptory writ allowed.
Davis, C. J., Price, Crew, Summers and Spear, JJ., concur.